FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, DEFENDANT-INTERVENOR

Court No. 88-10-00822

(Decided April 17, 1989)

*Stewart & Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Jimmie V. Reyna*), for plaintiff.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch (*Elizabeth C. Seastrum*), Civil Division, United States Department of Justice, for defendant.

*Arnold & Porter* (*Patrick F.J. Macrory*) for defendant-intervenors.

OPINION AND ORDER

RESTANI, *Judge:* The court's opinion herein of March 24, 1989, Slip Op. 89-39, provides the relevant background in this matter. Essentially, plaintiff seeks to supplement the record as filed by the agency. Defendant is opposed to such action. In its earlier opinion the court found that at least one document which was specifically mentioned by the agency in its determination was not included in the record. In addition, the agency determination referenced entire records of previous proceedings. Such records were not included here in the official record as filed by the agency. Therefore, the court directed plaintiff to file a list of the documents from those referenced records which it contended should be added to the administrative record. Defendant was permitted to respond on relevancy grounds.

Instead of objecting on whatever relevancy grounds it might have, defendant objected to the proposed additions on the ground that the determination at issue here contained a misstatement as to the materials which were obtained by the agency in connection with the proceedings at issue.[1] Not only did defendant fail to explain which of the listed documents did not fit its revised description of the materials obtained by the agency, but the court must be somewhat cautious about allowing the agency, in essence, to alter the words of its determination at such a late stage.

Defendant alleges further that the court may not determine "on its own" the composition of the administrative record. Defendant's objection at 5-6. The court is unclear as to the meaning of this contention. Obviously, the agency has been given an opportunity to file the proper record. It is only after finding a failure of the agency to understand the proper scope of the record that the court has per-

---

[1]The record for purposes of judicial review consists of documents "presented to or obtained by" the agency in connection with the determination under review. 19 U.S.C. § 1516a(b)(2)(A) (1982). It is agreed that the documents at issue were not "presented to" the agency by plaintiff. The court in the previous opinion held, however, that documents referenced to by the agency in the determination fall within the general category of "presented to or obtained by" the agency for purposes of review of the determination.

mitted supplemental filings. Surely defendant does not contend that the composition of the record is a matter beyond judicial review. If it does so contend, it has not provided any support for such a proposition.

Given the late assertion of a misstatement in the agency determination, and the lack of explanation as to which of the proposed documents do not fit defendant's new general description of documents reviewed by the agency, the court believes this matter may be most expeditiously considered by allowing plaintiff to make its case based on the proposed record as supplemented. As it is unlikely that the court will hear arguments which were not first presented in some fashion to the agency, the proposed addition to the record most likely will simply provide a broader picture of the information before the agency. Thus, it is possible that the proposed supplementation of the record will be of minor significance. In any case, as little explanation as to the import of defendant's "correction" of the description of the materials obtained by the agency has been provided, the court declines to waste attorney and judicial resources in an effort to determine what was actually meant by the language of the determination, which language indicated that records of prior investigations had been reviewed. Based on the filings before the court to date, the court finds no reason to preclude plaintiff from at least explaining to the court why it believes the agency erred based on the proposed record.